UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
MICHIGAN

Case:1:10-cv-12180
Judge: Ludington, Thomas L
MJ: Binder, Charles E
Filed: 06-02-2010 At 04:46 PM
CMP KOWALSKI V KOSTER (EB)

Jeffrey Scott Kowalski, §
Plaintiff §
§
V. § COMPLAINT
§
Chris Koster, in his official capacity as Attorney §
General for the State of Missouri, §
Defendant. §

## PRELIMINARY STATEMENT

1. This is an action for declaratory and injunctive relief pursuant to 42 U.S.C § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, brought by Jeffrey Kowalski, ("Plaintiff") to enjoin a threatened prosecution in violation of federal law and the U.S. Constitution and to obtain a declaration of the respective rights of the parties.

2. Mr. Jeffrey Kowalski is entitled to immediate injunctive and declaratory relief preventing Defendant Chris Koster from continuing to threaten Plaintiff with criminal prosecution, because those threats in and of themselves do, and any following through on those threats would, violate plaintiff's fundamental rights under 47 U.S.C. § 230, the First Amendment to the U.S. Constitution, and the Commerce Clause of the U.S. Constitution.

## JURISDICTION AND VENUE

3. This case arises under the U.S. Constitution and the laws of the United States and presents a federal question within this Court's jurisdiction under Article III of the Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3). It seeks remedies under 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. §§ 1983 and 1988.

4. Venue is proper in this district under 28 U.S.C. § 1391(b).

5. The majority of users on Mr. Kowalski's website are from the State of Michigan. Accordingly, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred and are occurring in this division.

## THE PARTIES

6. Plaintiff is a legal resident of the State of Michigan.

- 1 -

7. Defendant Chris Koster is the Attorney General of the State of Missouri and is sued in his official capacity. He is the chief law enforcement officer of the State of Missouri.

## THE FACTS

8. Mr. Kowalski publishes a list of public officials in the State of Missouri on his website.

9. Users of the website may post information regarding any public official, including sexual orientation information.

10. The list on Mr. Kowalski's website may be viewed entirely for free by any person with Internet access.

11. In fact, contrary to Defendant Koster's public threat of criminal prosecution of Mr. Kowalski, the Plaintiff cannot, as a matter of applicable federal law, be prosecuted or held liable under state law for content that third parties post on its website.

## CAUSES OF ACTION

### COUNT I
**Violation of the Communications Decency Act, 47 U.S.C. § 230(c), and 42 U.S.C. § 1983**

12. The key operative provision of Section 230 provides that [n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider. 47 U.S.C. § 230(c)(1).

13. Section 230 broadly immunizes providers of interactive computer services from liability for the dissemination of third-party content.

14. Section 230 immunity exists whenever (1) the party claiming immunity is —a provider ... of an interactive computer service, (2) the allegedly unlawful content was provided by another information content provider, and (3) another party seek to treat[] the party claiming immunity as the —publisher or speaker of that information. 47 U.S.C. § 230(c)(1).

15. Plaintiff is a provider of an —interactive computer servicel within the meaning of 47 U.S.C. §§ 230(c)(1) and 230(f)(2).

16. All of the content appearing on Mr. Kowalski's website that is the subject of Defendant Koster's threatened criminal prosecution was created and developed by

third parties (i.e., the users of the website) and therefore constitutes information provided by another information content provider.

17. Defendant Koster's threatened prosecution of Mr. Kowalski constitutes, and any action to follow through on such threat would constitute, treat[ment] of plaintiff as the publisher or speaker of third-party content, in violation of 47 U.S.C. § 230(c)(1).

18. Section 230 specifically provides that "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). This provision confirms the preemptive effect of Section 230. Moreover, by prohibiting not merely the imposition of liability, but also the *bringing* of any cause of action, this provision demonstrates that Section 230 is not merely a defense to liability, but also immunity from being haled into court at all on charges based on third-party content.

19. In sum, Defendant Koster's threatened prosecution of Mr. Kowalski violates, and any steps he takes to make good on that threat would further violate, plaintiff's statutory right to be free from liability for allegedly unlawful third-party content, as a well as from the burdens of having to defend itself against such liability.

## COUNT II

### Declaration of the Parties' Respective Rights under 28 U.S.C. § 2201

20. Plaintiff is a provider of an interactive computer service within the meaning of 47 U.S.C. §§ 230(c)(1) and 230(f)(2).

21. All of the content appearing on the craigslist website that is the subject of Defendant Koster's threatened criminal prosecution was created and developed by third-parties and therefore constitutes information provided by another information content providerl within the meaning of 47 U.S.C. §§ 230(c)(1) and 230(f)(3).

22. Defendant Koster's threatened prosecution of craigslist and its management constitutes, and any action to follow through on such threat would constitute, treat[ment] of Mr. Kowalski as the publisher or speaker of third-party content, in violation of 47 U.S.C. §§ 230(c)(1) and 230(e)(3).

23. As such, Plaintiff is immune from liability for the actions and omissions alleged by the Defendants as a provider of an interactive computer service for content posted on its site by third parties.

24. Plaintiff's speech and the speech of its users are also protected by the First Amendment made applicable to the States by the Fourteenth Amendment to the U.S. Constitution.

25. Defendant Koster's threatened prosecution of Mr. Kowalski for speaking and posting the speech of others, or for their failure to remove same, including but not limited to sexual orientation materials, would violate the Commerce Clause.

WHEREFORE, the Plaintiff prays the Court:

A. Declare that Defendant Koster threatened prosecution of Mr. Kowalski is impermissible in light of 47 U.S.C. § 230 and violative of the First and Fourteenth Amendments and the Commerce Clause of the United States Constitution;

B. Permanently enjoin Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction, from issuing further threats of prosecution against Mr. Kowalski in relation to content posted by third parties on plaintiff's website and from initiating or pursuing any such prosecution;

C. Grant Plaintiff such other and further relief as the Court deems just and proper.

This the 26th day of May, 2010.

Respectfully submitted,

Jeffrey Kowalski
17445 Roosevelt Rd
Hemlock, MI 48626
Tel. 989-607-4572
me@jeffkowalski.com

- 4 -

JS 44 (Rev. 12/07)    **CIVIL COVER SHEET**    County in which action arose  Saginaw

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jeffrey Scott Kowalski
17445 Roosevelt Rd
Hemlock, MI 48626

(b) County of Residence of First Listed Plaintiff  Saginaw
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
Chris Koster, Missouri Attorney General; Jay Nixon, Governor State of Missouri

County of Residence of First Listed Defendant  Camden
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☒ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. § 230(c)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May 19, 2010
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Case 2:11-cv-04129-NKL   Document 1   Filed 06/02/10   Page 5 of 6

PURSUANT TO LOCAL RULE 83.11

1.   Is this a case that has been previously dismissed?   ☐ Yes   ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.   Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :