# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

JEFFRY SCOTT KOWALSKI, )
)
        Plaintiff, )
)
v. ) Case No. 2:11 CV 04129 NKL
)
CHRIS KOSTER, in his official capacity )
as MISSOURI ATTORNEY GENERAL, )
)
        Defendant. )

## ORDER

Before the Court is the Defendant Chris Koster's Motion to Dismiss [Doc. # 26] the Amended Complaint filed by Plaintiff Jeffry Kowalski. For the following reasons, the Court grants the motion.

## I.    Background

Kowalski has published a list of Missouri public officials on his website, which allows users to post additional information about the officials, including their sexual orientation. [Doc. # 29 at 1]. Kowalski states that Koster has "recently made, and is continuing to make, direct and public threats to civilly or criminally prosecute Mr. Kowalski based on the alleged presence on Mr. Kowalski's website of sexual orientation information." *Id.* at 2. Kowalski states that Koster threatened to "shut down any Web site that posts information regarding the sexual orientation of any school personnel in Missouri." *Id.* Kowalski also states that Koster has a "history and policy of violating the

rights of websites seeking to publish sexual orientation information online." *Id.*

On July 8, 2011, Kowalski filed this action seeking prospective declaratory and injunctive relief to enjoin his threatened prosecution by Defendant Chris Koster, Missouri Attorney General. Kowalski seeks relief under three separate causes of action. The first cause of action is for the violation of the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1) and 42 U.S.C. § 1983. The second is claim under 42 U.S.C. § 1983, for violation of Kowalski's First and Fourteenth Amendment rights, and the third is a claim for a declaratory judgment under 28 U.S.C. § 2201.

## II. Discussion

Koster's Motion to Dismiss alleges that Kowalski lacks standing and has failed to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(1), (b)(6).

### A. Count I

The Court dismisses Count I outright for failure to state a claim, as the CDA immunizes Internet service providers and does not create any cause of action under 42 U.S.C. § 1983.

### B. Counts II and III

#### 1. Standing

The party invoking federal jurisdiction, in this case Kowalski, bears the burden of proof of proving the three elements of standing necessary to bring a suit under Article III of the U.S. Constitution. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). To establish standing, Kowalski must first show that he has suffered an "injury in fact," defined by the Supreme Court as "an invasion of a legally-protected interest" which is

"concrete and particularized", and "actual and imminent" rather than "conjectural or hypothetical." *Lujan*, 504 U.S. at 560-61. If standing is based on an injury that may occur "at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control," a "high degree of immediacy" is required. *Id.* at 564, n.2.[1]

A party "need not expose himself to arrest or prosecution under a criminal statute in order to have standing to challenge that statute in federal court." *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 958 (8th Cir. 2009). Rather, to assert an injury in fact, the plaintiff must have "asserted facts that affirmatively and plausibly suggest that they are indeed subject to a credible threat of prosecution under the statute for engaging in conduct for which they invoke constitutional protection." *Zanders v. Swanson*, 573 F.3d 591, 594 (8th Cir. 2009). The Eighth Circuit has found standing for threatened prosecutions in situations where the government has clearly stated that the plaintiff's conduct was unlawful. *See e.g. Monson*, 589 F.3d at 958 (finding standing upon the existence of a DEA letter "plainly stat[ing]" that plaintiffs' proposed cultivation of hemp constituted a "manufacture of a Schedule I controlled substance that, under the CSA, is unlawful without a registration from the agency.").

Here, however, Kowalski has not even provided a particular cause of action or

---

[1] The other two elements require a plaintiff to show that there is a "causal connection between the injury and the conduct complained of," and that it is likely, rather than merely speculative, that a favorable decision will redress the injury. *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992).

criminal statute under which he would be prosecuted by Koster. He only alleges that Koster has threatened to "civilly or criminally prosecute" him and made public threats to shut down "any Web site" posting information about the sexual orientation of Missouri school officials. [Doc. # 29 at 2]. These factual allegations are insufficient for the Court to determine whether Kowalski's situation would even subject him to prosecution under any Missouri law. Even if Kowalski had provided more information about the law under which he would be prosecuted, he does not provide even a basic timeline of when these threats might be realized, making it impossible for the Court to determine whether the threat of prosecution is real and immediate. Kowalski also points to Koster's alleged "history and policy of violating the rights of Web sites seeking to publish sexual orientation information online." [Doc. # 29 at 2]. However, Kowalski has not indicated what course of action was taken by the government in these instances, or whether there was even a prosecution at all, rendering the Court unable to determine whether Kowalski himself faces the same type of threat. Though Kowalski makes vague references to documentation such as the "Defendant's Petition and Amended Petition that were filed in Camden County Circuit Court," he fails to explain how these documents relate to his current complaint. [Doc. # 29 at 2].

Thus, for the above reasons, Kowalski has not met the requirements to assert standing even under the liberal pleading standards afforded to pro se claimants.

    **C.**    **Failure to State a Claim**

When reviewing a 12(b)(6) motion, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). However, here, even if the Court construes all Kowalski's allegations as true, Kowalski has failed to establish any specific present or future violation of his constitutional rights from Koster's threats. The act of informing a citizen that a prosecution may be forthcoming is not a per se violation of that citizen's constitutional rights. Kowalski has failed to plead any facts indicating that Koster is planning to prosecute Kowalski under any particular statute, let alone one that may be unconstitutional on its face, or unconstitutional as applied to Kowalski.

### III. Conclusion

Accordingly, it is hereby ORDERED that Defendant's Motion to Dismiss Counts I, II, and III of the Amended Complaint [Doc. # 26] is GRANTED. The Court DENIES Defendant's request for attorneys' fees.

                                            s/ Nanette K. Laughrey
                                            NANETTE K. LAUGHREY
                                            United States District Judge

Dated: September 15, 2011
Jefferson City, Missouri